The next case for argument is 17-1531 Wangs Alliance v. Philips Lighting North America Good morning. May it please the court. My name is Itai Lahav. I represent Appellant Wack Lighting. I'd like to reserve four minutes for rebuttal. The board's decision finding no reasonable expectation of success in the combination of Bogdan and Hofstein was erroneous under one of two alternative theories. Either it was an error of law to apply a heightened operability standard in this case requiring Wack to demonstrate the operability of the proposed combination of Bogdan and Hofstein rather than just showing that a person having ordinary skill in the art would perceive a reasonable expectation of success. Alternatively, the board erred in applying the law of reasonable expectation to the facts by not recognizing that all of the criticisms leveled by Dr. Zane were about bodily incorporation of proposed combinations and not ultimately to the reasonable expectation of success in the overall combination, especially when Dr. Zane acknowledged that other modifications could be made in the combination. But on that last point, the board expressly said Dr. Zane's unrebutted testimony does not simply bodily incorporate Bogdan into Hofstein, but instead modifies Bogdan as proposed by petitioner and finds them to be inoperable. So they didn't make a finding that it wasn't bodily incorporated. They were quoting from the argument at the hearing. And when the board says, it refers to the fact that Phillips had argued that it wasn't making a bodily incorporation argument, but it actually didn't do the analysis of Dr. Zane's opinion and make a determination that that wasn't bodily incorporation. But isn't it true that Dr. Zane was doing precisely what was proposed, which is to put the two together and see what happens? So Dr. Zane was responding to Mr. Tingler's testimony, absolutely. But the obviousness analysis is one step higher than that. These were examples of two different ways that one of ordinary skill in the art would approach this problem, given the teachings of Hofstein, given the teachings of Bogdan. And so you would start with these two different embodiments. Because in Bogdan, there's the teaching that Bogdan is a universal dimmer. And it is made to be used with different kinds of illumination apparatus. And so Bogdan is teaching you, specifically in the two, the 6A and the 6B embodiments, is saying you have to actually change circuitry in order to deal with two different kinds. In Bogdan, it was either incandescent or fluorescent type lights. You have to swap out that circuitry in order to get it to work. So what specific evidence did you submit that rebutted Philip's evidence that your combinations would be inoperable? So we didn't submit any additional evidence. We rested on the evidence that we submitted in the petition, including Dr. Tingler's opinions. And we argued that Dr. Zane's criticisms all go to bodily incorporation, which is disallowed by the precedent of this court. I'm a little unclear. I mean, what the board said was it raised sufficient questions regarding the operability. I mean, the board's analysis dealt with the operability, not with whether or not you could put the two together, right? No, it's the operability of that proposed. That's the only thing that Dr. Zane was talking about, was if you would try to put one into the other, right, without anything else, right, would that precise bodily incorporation work or not? That's what the sum total of Dr. Zane's several paragraphs amount to. And he concedes that when there weren't any skill in the art, there were other modifications that would have to be done. But how do you distinguish Broadcom from this case? I mean, there we specifically said that it's important to know whether or not the combination would work for its intended purpose. And there was firm evidence that if you did the combination, you'd have a nonfunctional or unfunctional, I'm not sure about the word, but nonfunctional circuit. So I think Broadcom is a very different case than this one. At the outset, it was a single reference obviousness where there was no motivation to combine, there was no reasonable expectation of success, there were secondary considerations, there was a lot of defects going on in the proposed obviousness in Broadcom. But in Broadcom, you had that single reference, you had all but one, but a significant difference between the prior art in that case and the asserted patent. And there was no suggestion that you could modify it in any way, right? And so the court was dealing with some hypothetical of, okay, if there was some suggestion of how to actually change the prior art there, would it have accomplished the purpose? Actually, it wasn't that the thing was inoperable, it just wouldn't have accomplished the purpose of the patented invention. And that's our distinction on Broadcom. So, again, we're dealing with a situation where you have, in Hofstein, you have a disclosure of how you dim LEDs in the art. That is not new, that is not something that Phillips can claim it invented. And you have the dimming of the two other kinds of prior art lighting devices in Bogdan. And so the one of ordinary skill in the art looking at those three implementations among the two references, would understand that you're just using standard circuit elements to match the different electrical characteristics of the particular load that you're trying to drive. And that's a teaching that comes right out of Bogdan. And so that's why we rested on the evidence we put in our petition, that's Tingler's explanation of the two different references and the combinations that he proposed. And again, the criticisms leveled by Dr. Zane only go towards bodily incorporation. That is not enough to defeat the reasonable expectation of success in the... bodily incorporation, that the combination would be inoperable for its intended purpose. You're saying that there's no obligation to rebut that evidence or to come back and explain why it would be operable? If we're not talking about bodily incorporation, then sure, of course, you'd have to meet that head on. But what Phillips did is present evidence that's just not cognizable under the law that says that you shouldn't be looking at bodily incorporation. So again, obviousness, as KSR tells us, it has to be a flexible inquiry. And all that's required under this court's case law, under the reasonable expectation of success case law, is that there should be some perception of success. Not that you absolutely have to guarantee success, and not that a person of ordinary skill in the art wouldn't have to do more work. In the translogic case, yeah. There's discussion of significant challenges that one of ordinary skill in the art would have had to overcome, but it was still nevertheless found that there was an expectation of success. So the mere fact that the specific combination without more doesn't operate, doesn't deprive the reasonable expectation of success in the combination for the intent of that combination. The board specifically relied on paragraphs 115 to 117 and 120 to 121 of Dr. Sain's declaration, where he points out a host of problems with your proposed modifications. Why isn't that enough for the board to conclude that there would not have been a reasonable expectation of success? So I think for two reasons. One is, again, because it goes to bodily incorporation, and you need to look at more than just if you put stuck A into B. Well, the board says, I mean, the board deals specifically with your argument and talks about patent owner's counsel emphasized that Dr. Sain's unrebutted testimony does not simply bodily incorporate, but instead modifies Bogdan's proposed by petitioner and finds them inoperable. They do say that. It's not clear at all that they, A, adopted that. It's also clear that they didn't. Well, they say patent owner's arguments raise sufficient questions regarding the operability of petitioner's proposed modifications. They do say that in the next paragraph. But in terms of whether they actually held that this was not bodily incorporation, in the hearing transcript that's actually being quoted in that little passage, it's just the statement of counsel. Look, this is not what we're arguing. But the question is, again, okay, that's what they said. That's fine. But the question is, when you actually look at the paragraphs that where Dr. Sain is leveling his criticisms, that is all about bodily incorporation. Good morning, and may it please the Court. Mark Fleming with Robbie Manasse on behalf of Phillips Lighting. I begin briefly with Wack's argument that the Board made some kind of legal error here. I don't think that should detain the Court very long. The Board repeatedly invoked and applied the requirement of a reasonable expectation of success. It didn't require certainty or actual success or absolutely having to guarantee success, as Wack says invariably without citation. References to operability are also unproblematic. If the combination isn't operable, then you wouldn't expect success from it. Put another way, it's a requirement of the claims here that the apparatus actually work. The controller has to be able to provide power to the LED based on the power-related signal. And if the proposed obviousness combination isn't reasonably expected to succeed in doing that, then it doesn't read on the claims. Wack doesn't address- What is your response to the bodily incorporation argument? Because clearly our law says you can't just say these two can't be bodily incorporated and have that be the end of the inquiry. So what's your response? Our response, Judge O'Malley, is just what we said to the Board at the oral hearing and what the Board found, which is that wasn't what we were arguing. We were responding to the specific arguments that Wack made in its petition and that Mr. Tingler made in the three sentences that have been discussed ad nauseum in the briefing, which were take some components from Hochstein, put them into Bogdan, and in the second modification take some of the components out of Bogdan and put the Hochstein components in. And we responded to those and said there are multiple unclear steps as to how this would be done, how it would work. Mr. Tingler never explained them. Now on appeal, Wack is trying to argue, well, there would be further steps that could be taken and they were all well within the reach of a skilled artisan, but that is far more than they ever gave the Board. They didn't say anything like that in their reply. They didn't say anything like that at the oral hearing. What about Dr. Zane's testimony? Dr. Zane, our expert? Yes. Well, he pointed out that there were multiple things that weren't explained in Mr. Tingler's proposed combinations. He certainly didn't say what those modifications could be because he didn't know what Mr. Tingler had in mind. We, of course, don't have the burden. It's the petitioner's burden all the way along. It was incumbent upon them to respond to Dr. Zane's criticisms with some evidence or at least point the Board to what was already in the record to say this is where we've explained why our proposed modifications to the prior art would be reasonably expected to succeed in driving an LED. They never did that. Did the Board ever expressly say they credited Dr. Zane's testimony over Mr. Tingler's? Well, what they say on Appendix 31, they say petitioner has failed to rebut patent owner's testimony showing that either theory of modification would yield operable results. They then say patent owner's arguments raise sufficient questions regarding the operability of petitioner's proposed modifications. And then at the end on 32, they say based on the full record and unrebutted testimony proffered by patent owner, petitioner has not shown by a preponderance of the evidence a reasonable expectation of success for the modifications to combine Bogdan and Hochstein. I think that's all they needed to do given that the petitioner, WAC, has the burden of proving a reasonable expectation of success. We have no burden to disprove it. It's not like we need to show impossibility. We simply need to show that they've failed to carry their burden and then they have an opportunity to reply, which they squandered. All they did was they made this bodily incorporation argument, which the Board rejected and they haven't appealed because it was clearly correct, as the Board found, that we were simply responding to the very combinations and modifications that they had put in there. We'd shown that they weren't sufficient to show a reasonable expectation of success and they had nothing in response. The Court has all the material from the reply and the hearing that WAC has chosen to put before you. It's one page from the reply below. It's, I believe, two pages from the transcript of the oral hearing. It says nothing about any of this stuff that now figures in WAC's advocacy on appeal, trying to backfill the points that their expert and even an attorney argument was simply not made. So we would respectfully submit that there's no need to go into. I'm happy to address any questions the Court has about the technical points that WAC has now tried to put before the Court that it did not put before the Board. Otherwise, we think this is a straightforward case for affirmance and we would respectfully submit that the Court should so rule. Thank you. Thank you, Your Honor. Just to respond to a couple points, my friend started an argument. He, again, tried to tie the operability question to the if it's not operable, then how can you expect success from it, which is, again, a fair question if you're not limited to the specific bodily incorporation. So, again, that argument fails for the same reason that Zane's entire criticisms fail. As to the sound bite of the three sentences in our petition, of course, underlying the three sentences is several pages of analysis from Mr. Kingler. So obviously we put more than just three sentences before the Board. In terms of the comment that we haven't appealed the bodily incorporation, I think that's kind of the center point of the legal error and just focusing on what specifically that the Board is requiring from WAC to prove. So that is essentially the appeal. If there are no more questions. Thank you. Thank you very much. Thank both sides. The case is submitted.